IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES K. GOLDSMITH,

    Petitioner,                    No. CIV S-07-0970 WBS DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                ORDER

_____/

        On May 23, 2007, petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner also filed a motion for stay and abeyance. On June 15, 2007, petitioner filed an amended petition and an identical motion for stay and abeyance.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        After a jury trial, petitioner was convicted of receiving stolen property. In light of petitioner's prior criminal record, the trial judge sentenced petitioner to twenty-nine years to life in state prison. The California Court of Appeal affirmed the judgment on July 18, 2005. Plaintiff did not appeal his judgment of conviction to the California Supreme Court.

Petitioner alleges two grounds for relief in his amended petition. First, petitioner alleges the trial court abused its discretion in violation of the Due Process Clause when it violated the terms of a prior 1980 negotiated plea agreement. Second, petitioner alleges that he received ineffective assistance of counsel.

In petitioner's motions to hold these proceedings in abeyance, petitioner alleges that, on September 29, 2005, he filed a petition for a writ of habeas corpus with the California Supreme Court. The California Supreme Court denied the petition on July 19, 2006. On March 12, 2007, petitioner filed a second petition for a writ of habeas corpus with the California Supreme Court. The second petition is still pending before that court. Petitioner requests an order staying his federal petition, pending disposition of his state petition.

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). The Court cautioned, however, that "stay and abeyance should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78. The Court noted that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278.

Petitioner's pending motions are vague and conclusory and do not provide sufficient facts and information to satisfy the requirements of Rhines. Accordingly, the court is unable to determine whether petitioner had good cause for failing to exhaust all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, or

whether petitioner has been diligent in pursuing his unexhausted claims. See Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). For these reasons, petitioner's motions will be denied without prejudice to the filing of a new motion for a stay and abeyance.

Petitioner will be granted thirty days to file a new motion for a stay and abeyance. The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 23, 2007 application to proceed in forma pauperis is granted;

2. Petitioner's May 23, 2007 and June 15, 2007 motions for a stay and abeyance are denied without prejudice; and

3. Within thirty days from the service of this order, petitioner shall file a renewed motion for a stay and abeyance as set forth in this order.

DATED: August 2, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gold0970msty